UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MOKHTAR BENGANA,                )
                                )
    Applicant/Plaintiff,        )
                                )
    vs.                         )    Case No. 4:06CV1569SNL
                                )
MICHAEL CHERTOFF, Secretary of the )
Department of Homeland Security, et. al. )
                                )
    Respondents/Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's motion for application for hearing and for determination of citizenship (#1), filed October 26, 2006; and defendants' motion for remand (#2), filed December 22, 2006. All parties have filed their respective responsive pleadings.

## I. BACKGROUND

Plaintiff Mokhtar Bengana is a lawful permanent resident of the United States who currently resides in St. Louis County, Missouri. On or about March 5, 2004, plaintiff submitted a completed a Form N-400 Application for Naturalization to the United States Department of Homeland Security; as well as the United States Citizenship and Immigration Services (USCIS), the federal agency charged with the processing of such forms. On August 4, 2004 plaintiff was examined by an USCIS officer and subsequently informed that he had passed the requisite tests of English and U.S. history and government. At the time of this examination, and notification of his test results, the requisite background investigation had not yet been completed.

On October 23, 2006 plaintiff filed the instant action asking that this Court, pursuant to 8 U.S.C. §1447(b), enter an order adjudicating his Application and administering to him the Oath of

Citizenship.[1] The defendants contend that this matter should be remanded to the USCIS for completion of the statutorily mandated background investigation, and subsequent approval or denial of the plaintiff's Application. Defendants contend that while this Court does have jurisdiction of the matter, it is in no better position than the USCIS to compel completion of the requisite background investigation.[2] The plaintiff agrees that this Court has jurisdiction , but argues that remanding the case to the USCIS is pointless because it will simply continue to languish without any finality in sight. To date the FBI has not completed its background check on the plaintiff; thus, the USCIS has not been able to adjudicate the plaintiff's Application.

## II. DISCUSSION

To begin the naturalization process, an applicant files a N-400 form, "Application for Naturalization" with the Department of Homeland Security and the USCIS. 8 U.S.C. §§1445(a), (d); 8 C.F.R. §§316.4, 334.2. Following the filing of the N-400 form, the USCIS is required to conduct a background investigation of the applicant. 8 U.S.C. §1446(a).

> "Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General[3], shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization."

This background investigation "shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant

---

[1] Plaintiff also seeks a hearing on this matter, and applicable attorneys' fees and costs.

[2] The statutorily requisite background investigation is within the purview of the Federal Bureau of Investigation (FBI). 8 C.F.R. §335.2(b).

[3] Pursuant to the Homeland Security Act of 2002, effective as of February 28, 2003, the term "Attorney General" should now be read to refer to the "Secretary of Homeland Security".

has resided and has been employed . . . for at least five years immediately preceding the filing of the application." 8 C.F.R. §335.1. The USCIS primarily relies upon three (3) methods to effectuate this investigation: 1) the Interagency Border Inspection System (IBIS) name check; 2) the FBI fingerprint check; and 3) the FBI name check. Once this background investigation is completed, the USCIS is required to interview the applicant and examine him/her as to the applicant's English language proficiency and knowledge of United States history and government processes. 8 U.S.C. §1423(a); 8 U.S.C. §1446(b); 8 C.F.R. 312.1; 8 C.F.R. §312.2; 8 C.F.R. §335.2. According to the applicable regulations, this examination of the applicant should occur only after the background investigation is completed. However, as in the case presently before the Court, the USCIS sometimes does the requisite interview prior to the completion of the background check in order to expedite the naturalization process.

Under normal circumstances, following the completion of the background investigation and the examination of the applicant, the USCIS official is authorized to make a determination to grant or deny the application. 8 U.S.C. §1446(d); 8 C.F.R. 335.3. This determination is to be made within 120 days following the initial examination of the applicant. 8 C.F.R. §335.3. When such a timely determination is not made, an applicant can file for review of his/her application with a district court. 8 U.S.C,. §1447(b) provides, in pertinent part:

> "If there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. **Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the matter."** (emphasis added).

In the present case, there is no dispute that more than 120 days has passed since plaintiff was examined on August 4, 2004; in fact, almost three (3) years have passed since the time of his examination.

The parties are extremely diligent in presenting to the Court the history of naturalization, and the conflicting positions of the parties. Without a doubt, it is unfair to have the plaintiff wait so long for the process to be completed; however, given the times we live in, the USCIS must be allowed to complete its statutorily requisite naturalization process, including a final determination of the application pending the completion of the background investigation. There is no dispute that this Court has jurisdiction (exclusive or otherwise), nor is there any real dispute that pursuant to §1447(b), this Court has discretion as to whether it will determine the matter (of the application) or remand the matter to the USCIS, with appropriate instructions. The real issue is which decision best meets the interests of all concerned parties.

The problem here is two-fold: this Court agrees that it is not in any better position to adjudicate the plaintiff's application since the background check has not been completed; yet, it is also not in any better position than the USCIS to "encourage" the FBI to complete its investigation by any date certain. After careful consideration of the matter, the Court determines that the USCIS is best qualified to adjudicate the plaintiff's application following completion of the background investigation. However, this Court recognizes the needs and wants of plaintiff to become a naturalized citizen of this country, and that he has waited longer than should be necessary for this wonderful event to happen. Therefore, the Court will remand this matter to the USCIS for final determination of plaintiff's application for naturalization as expeditiously as possible but in no event later than thirty (30) days after the completion of his background investigation. Furthermore, this Court will retain jurisdiction to review this matter if a final

determination is not made on the plaintiff's application for naturalization within six (6) months of the date of this order; at which time, the defendants will show good cause as to why a final determination of this plaintiff's application for naturalization has not been completed. The Court sincerely hopes that such a judicial review will not be necessary.

Dated this __8th__ day of May, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE